UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RICHARD DEAN CAPPS, ARTIFICIAL ENTITY | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:20-cv-02459 (UNA) |
| UNITED STATES OF AMERICA, *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

FILED
SEP 29 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will deny the *in forma pauperis* application and dismiss this matter without prejudice.

Plaintiff sues the United States and the United States Secretary of the Treasury. Plaintiff indicates that this matter is brought by a "private business trust." The prolix complaint is far from a model in clarity, but the claims all seem to arise from issues regarding the aforementioned trust. The complaint seeks myriad relief, for example, it includes a demand that the United States "acknowledge [that] plaintiff [has] awakened and converted back to [] God given status[,]" and asks the court to recognize that the trust, be "manifested [with] intent and all records ad nauseum." The complaint also demands (1) that a "chancellor" be appointed to the trust, (2) the disclosure of unspecified records, and (3) the dismissal of unknown state criminal charges.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]" 28 U.S.C. § 1654. As an artificial entity, a trust cannot proceed in

federal court without licensed counsel. *See Fromm v. Duffy as Tr. of Gary Fromm Family Tr.*, No.19-cv-1121 (EGS), 2020 WL 109056 at *4 (D.D.C. Jan. 9, 2020) (noting that "[c]ourts have interpreted [§ 1654] to preclude a non-attorney from appearing on behalf of another person or an entity such as a corporation, partnership, or trust"); *see also Casares v. Wells Fargo Bank, N.A.*, No. 13-cv-1633 (ABJ), 2015 WL 13679889 at *2 (D.D.C. May 4, 2015) (a "plaintiff, who is proceeding *pro se*, cannot represent the trust in federal court, even as the trustee, as he is not a licensed attorney") (citing *Hale Joy Trust v. Comm'r of IRS*, 57 Fed. App'x. 323, 324 (9th Cir. 2003) and *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994)).

In addition, an artificial entity cannot proceed under the *in forma pauperis statute*, 28 U.S.C. § 1915(a)(1); the Supreme Court has interpreted that provision as applicable "only to individuals" or "natural persons," not "artificial entities." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–07 (1993).

Consequently, the *in forma pauperis* application, ECF No. 2, is denied and this case will be dismissed without prejudice. A separate order accompanies this memorandum opinion.

    ____/s/_____
    RUDOLPH CONTRERAS
    United States District Judge

DATE:   September 29, 2020